# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
### 5:12-CR-270-BO
### 5:15-CV-453-BO

| | |
|---|---|
| CALVIN DWIGHT MITCHELL, | ) |
| Petitioner, | ) |
| | ) |
| v. | )      O R D E R |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct

sentence pursuant to 28 U.S.C. § 2255 and the government's motion to dismiss pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure. For the reasons discussed below, the

government's motion to dismiss is granted and petitioner's § 2255 motion is dismissed.

## BACKGROUND

Petitioner was convicted by a jury of conspiracy to distribute and possess with the intent

to distribute a quantity of cocaine and of distribution of a quantity of cocaine and aiding and

abetting. 21 U.S.C. §§ 841 & 846; 18 U.S.C. § 2. Petitioner was sentenced to a term of 360

months' imprisonment on both counts to be served concurrently. Petitioner noticd a direct

appeal, and by opinion filed December 11, 2014, the court of appeals affirmed the judgment of

this Court. Petitioner thereafter timely filed the instant motion to vacate pursuant to 28 U.S.C. §

2255. In his motion, petitioner raises three grounds for relief. First, petitioner contends that the

Court erred in calculating petitioner's base offense level and holding petitioner responsible for at

least 280 grams of cocaine base. Second, petitioner contends that the Court erred in increasing

his offense level by two points for impeding the administration of justice under U.S.S.G. § 3C1.1

or U.S.S.G. § 2D1.1. Finally, petitioner contends that the government used testimony and redacted reports at trial that it knew or should have known to be false.

## DISCUSSION

The government moves to dismiss petitioner's § 2255 motion for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See also* Rule 12, Rules Governing Section 2255 Proceedings (Rules of Civil Procedure apply to section 2255 proceedings). A Rule 12(b)(6) motion must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Issues previously raised in a direct appeal may not be recast under "the guise of collateral attack." *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). The court of appeals has previously considered the issues raised in petitioner's first and second grounds for relief, and thus those grounds are properly dismissed. *See United States v. Mitchell*, 587 Fed. App'x 70 (4th Cir. 2014) (affirming this Court's inclusion of cocaine base as relevant conduct in calculating petitioner's base offense level as well as this Court's enhancement of petitioner's offense level by two levels based on obstruction of justice under § 3D1.1).

Petitioner is further procedurally barred from relief on his third ground as he had the opportunity to raise such ground on direct appeal but failed to do so. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner has made no showing that the alleged prosecutorial misconduct, all of which relates to trial, was not known to petitioner when the trial was proceeding. Procedural default may only be excused if a petitioner can show cause and prejudice or that he is actually innocent. *Id.* Petitioner's pleading does not allege facts which would demonstrate either cause and prejudice or actual innocence.

2

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 105] is GRANTED. Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 100] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this **4** day of May, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

Case 5:12-cr-00270-BO   Document 112   Filed 05/06/16   Page 3 of 3